IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Mary Teresa Doherty, ) | C/A No.: 0:19-211-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| State Farm Fire and Casualty ) | |
| Company and Jay Killen Insurance ) | |
| Agency, Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the court on the motion [ECF No. 27] of defendant State Farm Fire & Casualty Company ("State Farm") to compel Mary Teresa Doherty ("Plaintiff") to produce responses to State Farm's Requests for Production and complete responses to State Farm's Interrogatories Nos. 11 and 13 ("Discovery Requests").

The motion indicates that State Farm received Plaintiff's answers to interrogatories on July 1, 2019. State Farm argues Plaintiff's answers to Interrogatories Nos. 11 and 13 were vague and incomplete. Interrogatory 11 asked Plaintiff to identify the consequential damages she claims to have suffered or incurred and for each such item of consequential damages, set forth the amount, a description, and an explanation as to how it was caused by State Farm. Plaintiff's response stated:

> The amount of "consequential damages" is an estimate and could easily be too low. Consequential damages include expenses Plaintiff has incurred and will incur as a result of having to file this case because Defendants refused to act in an honest and professional manner.

[ECF No. 27-1]. Plaintiff's response is insufficient, as it failed to identify any amount, description, or explanation as to her claimed damages.

Interrogatory No. 13 asked Plaintiff to identify the value of each item of personal property stolen from her home and a description of how the value was determined. Plaintiff referred only to the complaint and exhibits in response. Plaintiff's response is insufficient and she must list each item stolen, its value, and provide an explanation of how the value was determined.

State Farm also states that Plaintiff has not provided written responses to her requests for production. Counsel for State Farm received a letter from a person who identified himself as a semi-retired engineer who has performed paralegal work for over 25 years, who included some documents with his letter. [ECF No. 27-3]. As Plaintiff is proceeding pro se, all discovery responses must come from her and should include written responses. Plaintiff should identify any documents produced and identify to which request they are responsive.

In light of the foregoing, the court grants State Farm's motion to compel. As the Discovery Requests have been pending for over four months, Plaintiff is directed to provide responses to the discovery requests by September 3, 2019. Because Plaintiff failed to timely respond to the discovery, any and all objections are deemed waived under Fed. R. Civ. P. 33(b)(4). Plaintiff is advised that failure to comply with the court's order may result in a recommendation that this case be dismissed for failure to participate in discovery and/or sanctions, including payment of State Farm's attorneys' fees and costs in preparing such motions.

In addition, State Farm's' motion for an extension of time in which to file dispositive motions [ECF No. 28] is granted to the extent it seeks an additional 30 days from Plaintiff's deadline for providing full and complete responses to the Discovery Requests. The deadline for filing dispositive motions is now October 3, 2019.

IT IS SO ORDERED.

*Shiva V. Hodges*

August 20, 2019  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge